IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TORRENCE TERRY,<br><br>Defendant. | **4:25CR3055**<br><br>**ORDER** |

This matter is before the court on the parties' joint motion to cancel trial and set for status conference (Filing No. 132). As set forth in the motion, Defendant needs additional time to consider and decide whether to enter a guilty plea or go to trial. As such, Defendant moves to remove this case from the trial docket and continue the status conference due to the reasons set forth in the motion. The government joins in the motion. Based on the showing set forth in the motion, the court finds good cause has been shown and the motion should be granted. Accordingly,

IT IS ORDERED:

1) Defendant's motion to cancel trial and set for status conference, (Filing No. 132), is granted. The case is removed from the trial docket and set for a status conference.

2) A telephonic status conference with counsel will be held before the undersigned magistrate judge at 9:45 a.m. on July 30, 2026 to discuss setting any change of plea hearing or the date of the jury trial. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call.

3) In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between today's date and July 30, 2026, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 29th day of July, 2026.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge